## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION AT COLUMBUS

| | | |
|---|---|---|
| ALEX PENLAND, | : | Case No. 2:24-cv-676 |
| Plaintiff, | : | |
| vs. | : | Judge Michael H. Watson |
| | : | Magistrate Judge Kimberly A. Jolson |
| LIEUTENANT FLOWERS, *et al.*, | : | |
| Defendants. | : | |

### ORDER CONCERNING MAIL FROM THIS COURT;
### REPORT AND RECOMMENDATION ON MOTION FOR INJUNCTIVE RELIEF

This case involves allegations that prison officials at Lebanon Correctional Institution and Madison Correctional Institution interfered with Plaintiff's "legal mail."  In a separate order, the Undersigned screened the *pro se* Complaint and allowed Plaintiff's claims to proceed to further development.

Plaintiff has also filed a Motion seeking a temporary restraining order and preliminary injunction.  (Docs. 2, 3).  He seeks an order preventing the enforcement of the Ohio Department of Rehabilitation and Correction's policy concerning legal mail, ordering that mail from a court of law be treated as legal mail, and ordering Defendants to stop violating *Sallier v. Brooks,* 343 F.3d 868 (6th Cir. 2003), concerning legal mail.  (Doc. 2, PageID 27).  The Undersigned will address this Motion in two ways.

First, to manage this case in a timely and efficient manner, *see Williams v. Warden, Chillicothe Corr. Inst.*, No. 2:23-cv-1042 (S.D. Ohio, Dec. 20, 2023), and without deciding the underlying legal and constitutional issues, the Undersigned hereby **ORDERS** that mail from this Court addressed to Plaintiff in this case is legal mail under *Sallier v. Brooks*.  The Ohio Department

of Rehabilitation and Correction is **ORDERED** to treat the Court's mail to Plaintiff in this case as legal mail with all the protections afforded to legal mail.

Second, the Undersigned **RECOMMENDS** that the motion for injunctive relief (Doc. 2, 3) be **DENIED** without prejudice. As noted above, Plaintiff has sued prison officials at Lebanon and Madison Correctional Institutions. (Doc. 1-1 at ¶¶ 5–8). But Plaintiff is no longer in custody at those institutions; he is currently in custody at Mansfield Correctional Institution. (*Id*. at ¶ 4). An injunction directed to prison officials at Lebanon and Madison Correctional Institutions would offer little if any benefit to Plaintiff, as it appears he no longer receives mail or legal mail at those institutions. As such, an extraordinary injunctive remedy is not warranted or recommended at this time.

If any party objects to this Report and Recommendation, the party may serve and file specific, written objections to it **within fourteen days** after being served with a copy thereof. Fed. R. Civ. P. 72(b). All objections shall specify the portion(s) of the Report and Recommendation objected to and shall be accompanied by a memorandum of law in support of the objections. The Court may extend the 14-day objections period if a timely motion for an extension of time is filed.

A District Judge of this Court will make a *de novo* determination of those portions of the Report and Recommendation to which objection is made. Upon proper objection, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence, or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and will also operate as a waiver of the right to appeal the decision

of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

In addition to sending a copy of this Order on Plaintiff, the Clerk of Court is **DIRECTED** to serve a copy of this Order on **(1)** the Ohio Attorney General's Office (which represents defendants employed by the State of Ohio in similar cases) at 30 E. Broad Street, 23rd Floor, Columbus, OH 43215; and **(2)** the Mailroom Supervisor at Mansfield Correctional Institution.

**IT IS SO ORDERED.**

April 22, 2024

/s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE