UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

| | | |
|---|---|---|
| ALEX PENLAND, | : | Case No. 2:24-cv-676 |
| Plaintiff, | : | |
| vs. | : | Judge Michael H. Watson |
| | : | Magistrate Judge Kimberly A. Jolson |
| LIEUTENANT FLOWERS, *et al.*, | : | |
| Defendants. | : | |

**OPINION & ORDER**

Plaintiff's Motion for Leave to file a Third Amended Complaint is before the Court. (Doc. 82). For the following reasons, the Motion is **GRANTED**. Plaintiff is **ORDERED** to file a clean copy of his Third Amended Complaint on or before December 23, 2025.

**I.    BACKGROUND**

Alex Penland joins the ranks of numerous incarcerated plaintiffs in Ohio challenging the Ohio Department of Rehabilitation and Corrections' mail policies. As told by his operative, Second Amended Complaint, Plaintiff was incarcerated at Lebanon Correction Institution ("LeCI") from March 2020 until April 2022; at Madison Correctional Institution ("MaCI") from April 2022 until January 2024; and then at Mansfield Correctional Institution ("MCI") until recently. (Doc. 43 (second complaint); Doc. 27 at 1)). He initially brought this action against LeCI mailroom supervisor Robert Flowers, LeCI correctional officer Matthew Johnson, MaCI institutional inspector Zachary Gould, Ohio Department of Rehabilitation and Correction ("ODRC") director Annette Chamber-Smith; and two mailroom-employee John Does (one at MaCI and one at MCI). (*See generally* Doc. 14 (first amended complaint)). Plaintiff subsequently identified John Doe # 1 as Lieutenant Francis and John Doe #2 as Jade Wojciechowski. (Doc. 33).

Plaintiff's claims generally stem from these Defendants' collective treatment of his mail under a policy ODRC implemented in 2022, 75-MAL-03. (*See generally* Doc. 43). As this Court previously summarized, "[t]he policy requires senders of 'legal mail,' including courts, attorneys, and legal organizations, to obtain a 'control number' from the prisoner's correctional institution. If the sender does not, the prison may treat the mail as 'regular mail' and copy and inspect it outside of the prisoner's presence." *Warner v. Chambers-Smith*, No. 2:24-CV-1565, 2025 WL 1904537, at *1 (S.D. Ohio July 10, 2025); *see* Ohio Admin. Code 5120-9-17(B)(2).

Following the policy's implementation, says Plaintiff, legal mail from this Court, the Hamilton County Court of Common Pleas, and the Sixth Circuit Court of Appeals faced the same treatment at the hands of Defendants: the mail was opened, read, and copied outside of his presence. (Doc. 43 at ¶¶ 27–28, 36–43, 58, 60, 64–65; *see also id.* at ¶¶ 21–24 (alleging that even before the policy's implementation, Plaintiff's legal mail from the Ohio Court of Claims was opened, censored, inspected, and copied outside of his presence by Defendants Flowers and Johnson)). Plaintiff further alleges various Defendants destroyed some of his mail. (*Id.* at ¶¶ 25, 36, 62). Still more, he says he never received certain legal mail from the Hamilton County Court of Common Pleas and the Sixth Circuit Court of Appeals. (*Id.* at ¶¶ 61, 63). Plaintiff submits that not receiving the mail contributed to his failure to timely appeal the Hamilton County Court of Common Pleas' decision denying his post-conviction petition. (*Id.* at ¶¶ 61–65). Plaintiff says he filed grievances with Defendants Gould, Flowers, and Wojciechowski about the treatment of his legal mail to no avail. (*Id.* at ¶¶ 26, 27, 34, 45, 75; *see also* Doc. 43-1 at 1–7).

Against all Defendants, Plaintiff alleges violations of his First Amendment right to receive legal mail, his Fourteenth Amendment rights to substantive and procedural due process and equal protection, and 42 U.S.C. § 1983 for civil conspiracy. (Doc. 43 at ¶¶ 82–121). As relief, he seeks

a declaratory judgment that Defendants violated his rights, an injunction preventing ODRC from enforcing its legal mail policy, and compensatory and punitive damages. (*Id.* at 31).

Now, Plaintiff asks for leave to amend his complaint for a third time—though this is his first counseled request. (Doc. 82). Plaintiff seeks to name two "new" Defendants: Amanda Porter and Alyssa Francis. (*Id.* at 1, 4). Defendants oppose the Motion, and this matter is ripe for review. (Docs. 82, 84, 87).

## II.   STANDARD

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that when a party seeks leave of court to file an amended pleading, "[t]he court should freely give leave when justice so requires." This rule, which allows a liberal policy in favor of granting amendments, "reinforce[s] the principle that cases 'should be tried on their merits rather than the technicalities of pleadings.'" *Inge v. Rock Fin. Corp.*, 388 F.3d 930, 936 (6th Cir. 2004) (quoting *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986)). In exercising its discretion, the trial court may consider such factors as "undue delay, bad faith or dilatory motive on the part of a movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

## III.   DISCUSSION

The new substantive allegations of Plaintiff's proposed Third Amended Complaint are limited. He does not wish to add any additional claims to this case. (*See* Doc. 82 at 11–29). Rather, he seeks leave to name two "new" Defendants: MCI mail clerk screener Amanda Porter and MaCI captain Alyssa Francis. (*Id.*). In arguing against granting Plaintiff leave, Defendants submit that the proposed amendment would be futile for several reasons. (*See generally* Doc. 84).

3

They also argue that at this stage of litigation, an amendment would be prejudicial against them. (*Id.*). The Court ultimately finds that justice favors granting Plaintiff leave to amend.

### A. Futility

With respect to futility, "an amendment would be futile 'if the claim, even with the amendment, could not withstand a Fed. R. Civ. P. 12(b)(6) motion to dismiss.'" *Pough v. DeWine*, No. 2:21-CV-880, 2024 WL 4284649, at *4 (S.D. Ohio Sept. 25, 2024) (quoting *Green v. Mason*, 504 F. Supp. 3d 813, 826 (S.D. Ohio 2020)), *appeal dismissed*, No. 24-3949, 2025 WL 1232508 (6th Cir. Feb. 5, 2025). Importantly, where "a plaintiff's claims are 'arguably sufficient,' courts have discretion to permit the plaintiff to assert the claims and allow the defendant to test their sufficiency by way of a motion to dismiss." *Zuspan v. Holzer Health Sys.*, No. 2:24-CV-4001, 2025 WL 2932803, at *2 (S.D. Ohio Aug. 28, 2025) (citing *Monroe Fed. Saving & Loan Ass'n v. NEA Galtier Parking, LLC*, No. 3:12-CV-52, 2012 WL 3600223, at *2 (S.D. Ohio Aug. 21, 2012)); *see also Bear v. Delaware Cnty.*, No. 2:14-CV-43, 2015 WL 1954451, at *3 (S.D. Ohio Apr. 28, 2015) ("At this stage of the litigation, this Court is charged with determining whether the futility of an amendment is so obvious that it should be disallowed."); *Stuckey v. Online Res. Corp.*, No. 2:08-CV-1188, 2010 WL 11565402, at *2 (S.D. Ohio Nov. 1, 2010) ("If a proposed amendment is not clearly futile, then denial of leave to amend is improper." (quoting 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure, § 1487 (2010))).

Defendants argue that Plaintiff's proposed Third Amended Complaint would not survive a motion to dismiss for a variety of reasons. Specifically, they say that Plaintiff's proposed amendment is partially barred by the applicable statute of limitations; fails to properly allege Defendants' personal involvement, constitutional violations, or a conspiracy claim; and seeks impermissible or moot relief. (*See* Doc. 84). The Court briefly addresses each of these.

4

*1.     Statute of Limitations*

First, Defendants claim that the Section 1983 statute of limitations bars all claims against Defendant Francis. (Doc. 84 at 18–19).

As stated, when Plaintiff initiated this action, he alleged claims against two John Doe Defendants. (Doc. 14). One, he later identified as Defendant Francis. (Doc. 33). She was served and filed an answer. (Docs. 38, 40). However, according to Plaintiff, when he amended his complaint for a second time, he did not name Francis—he says he mistakenly referred to her as "John Doe #1" again. (Doc. 43). Plaintiff asserts that because he "already identified Francis as John Doe #1 to his First Amended Complaint" this was an omission which can be blamed on his *pro se* status at the time. (Doc. 82 at 3, 6). And because Francis became a Defendant prior to the expiration of any applicable statute of limitations, Plaintiff's claims against her were and remain timely asserted.

On the other hand, Defendants claim that Francis would be a novel Defendant because she was omitted from Plaintiff's Second Amended Complaint. (Doc. 84 at 18–19). In other words, Plaintiff purposefully dismissed Francis by excluding her from the Second Amended Complaint and now wants to newly assert claims against her. Because Francis is "new" and Plaintiff did not mistake her identity, Federal Rule of Civil Procedure 15 does not allow for Plaintiff's proposed amendment to relate back to the filing date of the original complaint for statute of limitations purposes. (*Id.*); *see* Fed. R. Civ. P. 15(c)(1)(C) (providing when an amendment relates back to the date of the original pleadings for new or changed parties)). And as applied, say Defendants, new claims against Francis are barred by the statute of limitations because she was employed as a mailroom supervisor at MaCI only from August 2022 through November 5, 2023. (*Id*; *see also* 84-1 (declaration of Defendant Francis stating the same)). Plaintiff's Motion comes more than

5

two years later, on November 14, 2025—nine days too late for any of Plaintiff's allegations to be within the applicable statute of limitations. (Doc. 84 at 19; *see* Doc. 82); *see also Fisher v. City of Columbus*, No. 2:24-cv-150, 2024 WL 5077761, at *3 (S.D. Ohio Dec. 11, 2024) (citing *Basista Holdings, LLC v. Ellsworth Twp.*, 710 F. App'x 688, 691 (6th Cir. 2017)) (noting that in Ohio, Section 1983 claims have a two-year statute of limitations).

Upon review, neither side has quite the correct understanding of the docket. On May 5, 2024, Plaintiff filed an Amended Complaint that alleged claims against two John Doe Defendants. (Doc. 14). On June 20, the Court permitted Plaintiff to proceed on his claims but informed him that the John Doe Defendants could not be served until their names were discovered and the operative complaint was amended to identify them. (Doc. 21). Less than two months later, Plaintiff again moved for leave to amend and supplement his complaint. (Doc. 25). In his proposed Second Amended Complaint, he appeared to identify John Doe #2 as Defendant Wojciechowski, but John Doe #1 remained unidentified. (*Id.* at 6). On October 18, Plaintiff— with his most recent motion for leave to amend still pending—filed a motion identifying John Doe #1 as Francis and asking the Court to serve her. (Doc. 33 (also identifying Defendant Wojciechowski as John Doe #2)). On October 22, the Court granted Plaintiff's request to name and serve Defendant Francis. (Doc. 34; *see also* Doc. 38 (Francis's answer)). Important here, the Court also construed Plaintiff's filing as a motion to supplement his Amended Complaint with the identities of John Does #1 and #2. (Doc. 34). The Court granted that motion. (*Id.*).

Then on November 22, the Court granted Plaintiff's request to file a Second Amended Complaint. (Doc. 42). In doing do, the Court included the following notation:

> Subsequent to Plaintiff filing the Motion at bar, he filed a motion to serve the previously unidentified John Doe Defendants. (Doc. 33). Specifically, he identified John Doe #1 as Lieutenant Francis and John Doe #2 as Jade Wojciechowski. (*Id.*). The Court construed this motion to also supplement his

6

>Amended Complaint with those Defendants' identities. (Doc. 34). That supplement remains applicable to the Second Amended Complaint.

(Doc. 42 at 5 n.1).  The Clerk, as instructed, detached Plaintiff's proposed Second Amended Complaint and filed it separately on the docket (*see* Doc. 43).

Based on this series of events, the Court need not reach Defendants' Rule 15(c) or statute of limitations arguments.  In the Court's eyes, Defendant Francis is not "new."  She has been named and a part of this case since October 22, 2024.  Though it appears that Francis was terminated as a Defendant from the docket concurrent to the Clerk detaching the Second Amended Complaint, this was a clerical or administrative error.  A plain read of the Court's November 22 Order reveals that the Court found Plaintiff's supplement identifying Defendant Francis as John Doe #1 applied equally to Plaintiff's Second Amended Complaint. (Doc. 42 at 5 n.1).  Indeed, his proposed Second Amended Complaint predated his supplement identifying Francis.  (*Compare* Doc. 25 *with* Doc. 33).

Any confusion over the clerical error terminating Defendant Francis from this case should not fall on Plaintiff.  *See also* Fed. R. Civ. P. 60(a) (allowing the Court to correct a clerical mistake arising from an oversight or omission in part of the record).  As it stands, Plaintiff's proposed Third Amended Complaint naming Francis merely memorializes what the Court already understood: that she was and has been a Defendant in this action.  Under these circumstances it would be unjust to foreclose Plaintiff's Third Amended Complaint as it pertains to Defendant Francis.  *See* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires.").

>2.    *Failure to State a Claim*

Defendants next broadly assert that the proposed amendment is futile because it "fails to describe how each defendant . . . violated Plaintiff's rights." (Doc. 84 at 13). Specific to Defendant

Francis, they also argue that the proposed amendment impermissibly alleges liability based only on her supervisory actions. (*Id.*).

To plead a cause of action under 42 U.S.C. § 1983, a plaintiff must plead two elements: "(1) a deprivation of a right secured by the Constitution or law of the United States (2) caused by a person acting under color of state law." *Hunt v. Sycamore Cmty. Sch. Dist. Bd. of Educ.*, 542 F.3d 529, 534 (6th Cir. 2008) (citation omitted). To sufficiently plead the second element, a plaintiff must allege that each defendant had "personal involvement" in the deprivation of his rights. *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008) (citation omitted). And to successfully plead supervisory Section 1983 liability, a plaintiff must allege the supervisor "encouraged the specific incident of misconduct or in some other way directly participated in it." *Griffith v. Franklin Cnty.*, 975 F.3d 554, 579 (6th Cir. 2020) (citations omitted); *see also Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) ("At a minimum a plaintiff must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers." (citation omitted)).

Plaintiff's allegations of personal involvement are arguably sufficient for the purposes of amendment. Notably, Plaintiff alleges actions each Defendant personally took to deprive him of his rights. (*See, e.g.*, Doc. 82 at 15, (alleging Defendant Francis ordered subordinates to seize Plaintiff's legal mail "without documenting it on DRC 2632 (Legal Mail Log), and then [permitted] it to be opened, inspected, and copied outside [Plaintiff's] presence"), 16 (alleging Defendants Wojciechowski, Gould, and Porter opened and inspected Plaintiff's legal mail outside of his presence), 17 (alleging Defendants Flowers and Johnson opened and destroyed Plaintiff's legal mail without his permission), 18–19 (alleging Defendant Chambers-Smith "changed the intake system for legal mail" and issued directives to ODRC personnel to open and inspect legal

8

mail without a control number)). As a result, the Court concludes that Plaintiff's amendment is not so futile as to deny him leave to amend for this reason. *See Bear*, 2015 WL 1954451, at *3; *Stuckey*, 2010 WL 11565402, at *2.

Next, Defendants submit that Plaintiff's amendment is futile because he cannot allege Section 1983 liability solely for (1) Defendants Francis and Porter's violations of ODRC policy and procedure; or (2) Defendants' failure to investigate Plaintiff's reports of unconstitutional conduct. (Doc. 84 at 13–14 (citing *Meier v. Cnty. of Presque Isle*, 376 F. App'x 524, 529 (6th Cir. 2010) and *Frodge v. City of Newport*, 501 F. App'x 519, 532 (6th Cir. 2012))). Yet as Plaintiff points out, his proposed amendment premises Section 1983 liability on much more than Defendants simply failing to follow a policy or failing to investigate. (Doc. 87; *see also* Doc. 82 at 11–29). Again, the Court finds that Plaintiff's proposed amendment is arguably sufficient.

Neither is the Court persuaded that futility demands dismissal of Plaintiff's proposed conspiracy claim at this juncture. While Defendants purport this is a "newly" asserted claim, Plaintiff previously alleged a substantially similar claim, which the Court allowed to proceed upon an initial screen. (*Compare* Doc. 82 at 27–28 *with* Doc. 43 at 29–30; *see also* Doc. 42). And to the extent Defendants rely on caselaw holding this claim is barred by the intracorporate-conspiracy doctrine (Doc. 84 at 16), Plaintiff counters that an exception applies (Doc 87 at 6–7). Under these circumstances, if Defendants wish to test the sufficiency of Plaintiff's conspiracy claim, that is better done on a dispositive motion. *See Zuspan*, No. 2:24-CV-4001, 2025 WL 2932803, at *2; *cf. Parker v. Ferguson*, No. 6:23-CV-128-CHB-HAI, 2024 WL 6874273, at *1 (E.D. Ky. Mar. 19, 2024) ("When even a single new claim in a proposed amended complaint would survive a motion to dismiss, granting leave to amend as to the entirety of the new complaint is proper, regardless of whether all new claims would survive a motion to dismiss.").

9

At base, the Court has discretion to allow amendment where Plaintiff's claims are "arguably sufficient." Because Plaintiff's proposed amendment meets that low bar, the Court declines to deny Plaintiff leave for any of these reasons.

### 3. *Relief*

As their final futility argument, Defendants say Plaintiff's proposed amendment is futile because it seeks impermissible relief. First, they say Plaintiff's ask for monetary damages from Defendants in their official capacities is barred by principles of sovereign immunity. (Doc. 81 at 17). Yet a plain read of Plaintiff's proposed amendment reveals no such request. (Doc. 82 at 13–14 (specifying all Defendants are "sued in [their] individual capacity for money damages, and declaratory and injunctive relief in [their] official capacity")). Second, Defendants argue that Plaintiff's injunctive relief request is moot as a product either of his transfer to a different institution or because ODRC updated its mail policies. (Doc. 81 at 17–18). But, in its discretion, the Court concludes those questions are better considered on a Rule 56 motion for summary judgment.

### B. Prejudice

Separate from their futility arguments, Defendants claim Plaintiff's third amendment would prejudice all Defendants. (Doc. 84 at 19–22). When considering whether an amendment would significantly prejudice a party, the Court analyzes whether the amendment would "require the opponent to expend significant additional resources to conduct discovery and prepare for trial; [or] significantly delay the resolution of the dispute[.]" *Phelps v. McClellan*, 30 F.3d 658, 663 (6th Cir. 1994). Here, Defendants submit that they would be required to expend substantial resources following an untimely amendment. (Doc. 84 at 20–21 (also noting when Plaintiff allegedly became aware of Porter's identity)). Specifically, if the Court allows Plaintiff to amend,

10

the parties will need to "start discovery anew." (*Id.*). For example, Porter was previously deposed as a non-party and will be required to attend a party deposition. (*Id.*). And Defendants' counsel would be required by Ohio law to "vet" the "new" Defendants. (*Id.* at 21–22). For these reasons, Defendants also say that amendment would delay the resolution of this case. (*Id.*).

Upon review, Defendants' claims of prejudice are overstated. Discovery is still open, and there is no reason to think that discovery will completely restart. *Cf. Satterfield v. Franklin Cnty. Sheriff*, No. CIV. A. 208CV387, 2009 WL 3031180, at *2 (S.D. Ohio Sept. 17, 2009) (stating courts have found prejudice where the discovery deadline has passed)). Because Plaintiff's proposed amendment is substantially similar to the operative complaint, the parties have already done much of the discovery work. Additionally, Plaintiff submits that no party needs re-deposed. (Doc. 87 at 3). And the parties previously agreed that Defendant Francis would sit for a deposition. (*Id.*). With little other indication how the burden of discovery would greatly expand, Defendants' claim that they would expend significant additional resources does not pass muster. *See, e.g., Janikowski v. Bendix Corp.*, 823 F.2d 945, 951 (6th Cir. 1987) (noting prejudice must be "significant") (citation omitted).

Finally, to the extent the "new" Defendants need to be vetted, the Court trusts that counsel will engage in the process quickly and efficiently. All told, Defendants will not suffer prejudice to such an extreme that the Court must deny Plaintiff leave to amend. Justice, rather, weighs in favor of permitting Plaintiff's Third Amended Complaint.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Leave to File a Third Amended Complaint (Doc. 82) is **GRANTED**. Plaintiff is **ORDERED** to file a clean copy of his Third Amended Complaint on or before December 23, 2025.

IT IS SO ORDERED.

Date: December 18, 2025  /s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE